IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDWARD LEE BROWN,

    Plaintiff,
v.                                        CASE NO. 1:21-cv-23-AW-GRJ

MADELINE GRIFFIN,

    Defendant.
_____/

## ORDER AND
## REPORT AND RECOMMENDAITON

Plaintiff, a pretrial detainee at the Alachua County Jail, initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and seeks leave to proceed as a pauper (ECF Nos. 2, 6, 7). Plaintiff also seeks leave to file a Second Amended Complaint (ECF No. 8). The Court finds that leave to proceed as a pauper should be granted for the limited purpose of recommending that the case be summarily dismissed.[1] Leave to file the Second Amended Complaint is also due to be granted, and the Second Amended Complaint (ECF No. 9), is the operative complaint in this case.

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner seeking to bring a civil action or appeal *in forma pauperis* shall pay the full amount of the filing fee. 28 U.S.C. § 1915(a)(b)(1). As explained *infra*, Plaintiff's claims sound in habeas corpus, and in the interest of judicial economy, the Court will not assess the fee at this time in view of the fact that there is no basis for exercising jurisdiction over Plaintiff's claims.

The Complaint, ECF No. 9, stems from Plaintiff's pending Alachua County prosecution for lewd and lascivious behavior. Plaintiff contends that the charging information is defective in several respects, in violation of his constitutional rights, and that he is being unlawfully detained. For relief, Plaintiff seeks monetary damages against the assistant state attorney who is prosecuting the case and immediate release from custody. ECF No. 9.

The Court may take judicial notice of the proceedings in Plaintiff's pending state case, *State of Florida v. Brown,* Case No. 2019-CF-3862 (8th Jud. Cir. Alachua County). Plaintiff is represented by appointed counsel in the case, and the case is currently set on the state court's June 2021 trial docket.

Plaintiff's claims are not properly asserted by way of a civil rights complaint. "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). It is clear that Plaintiff's claims implicate the fact or duration of his present confinement, and therefore such claims go to the very heart of habeas corpus and are not properly raised in a civil rights complaint. Further, Plaintiff must exhaust all available state-court remedies before

seeking habeas corpus relief in federal court.

To the extent that Plaintiff seeks injunctive relief against state officials in connection with his prosecution, federal courts will not interfere with pending state criminal proceedings absent very narrow circumstances, pursuant to the *Younger v. Harris* abstention doctrine. 401 U.S. 37 (1971). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997). "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004). The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6. The allegations of the Complaint do not suggest that this case would fall within any exception to *Younger*.

Lastly, the only named defendant in this case, the assistant state attorney who allegedly prepared the information, is immune from suit on the

facts alleged.  "In § 1983 actions, prosecutors have absolute immunity for all activities that are " 'intimately associated with the judicial phase of the criminal process.' " *Van de Kamp v. Goldstein*, 555 U.S. 335, 338 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).  "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281.  There are no factual allegations suggesting that Plaintiff's claim against the Defendant fall within any exception to the immunity doctrine.

Accordingly, it is **ORDERED:**

1.  Plaintiff's motion for leave to proceed as a pauper (set forth in ECF Nos. 2, 6, 7), is **GRANTED**.

2.  Plaintiff's motion for leave to file the Second Amended Complaint, ECF No. 8, is **GRANTED.**

It is respectfully **RECOMMENDED** that this case should be **DISMISSED**.

**IN CHAMBERS** in Gainesville, Florida, this 5th day of April 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations**

**must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.